1  PHILLIP A. TALBERT
   United States Attorney
2  LAUREL J. MONTOYA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:20-CR-00098-DAD-BAM
                                                     1:15-CR-00225-DAD-BAM
12                      Plaintiff,
                                           STIPULATION REGARDING EXCLUDABLE
13              v.                         TIME PERIODS UNDER SPEEDY TRIAL ACT;
                                           AND ORDER
14  ESEQUIEL FABELA,
                                           DATE: February 9, 2022
15                      Defendant.         TIME: 1:00 p.m.
                                           COURT: Hon. Barbara A. McAuliffe
16

17        On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

18  Eastern District of California until further notice.  This General Order was entered to address public

19  health concerns related to COVID-19.  Further, pursuant to General Order 614, 620, 624, 628, and 630

20  and the CARES Act, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the

21  Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this

22  Court has allowed district judges to continue all criminal matters to a date after May 1, 2020.[1]

23        Although the General Orders address the district-wide health concern, the Supreme Court has

24  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-

25  endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner*

26  *v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

27
   ───────────────────
28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

      STIPULATION REGARDING EXCLUDABLE TIME                 1
      PERIODS UNDER SPEEDY TRIAL ACT

1  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

2  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

3  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

4  or in writing").

5       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

6  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

7  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

8  the ends of justice served by taking such action outweigh the best interest of the public and the

9  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

10  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

11  ends of justice served by the granting of such continuance outweigh the best interests of the public and

12  the defendant in a speedy trial."  *Id.*

13       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

14  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

15  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

16  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

17  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

18  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

19  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

20  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

21  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

22       In light of the societal context created by the foregoing, this Court should consider the following

23  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

24  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

25  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

26  pretrial continuance must be "specifically limited in time").

27

28       [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on February 9, 2022.

2. By this stipulation, the parties now move to continue the status conference until April 13, 2022, and to exclude time between February 9, 2022, and April 13, 2022, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports and photographs.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) The parties were in active plea negotiation discussions. These plea negotiations have been on-going.  In order to finalize plea negotiations in this case, further discussions between the parties are necessary.

   c) The parties believe that the continuance of the status conference requested herein will further a more prompt resolution of this matter than if the matter were to be set for trial at this time.

   d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 9, 2022 to April 13, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

1    IT IS SO STIPULATED.

2

3    Dated:  February 2, 2022                          PHILLIP A. TALBERT
                                                        United States Attorney

4

5                                                       /s/ LAUREL J. MONTOYA
                                                        LAUREL J. MONTOYA
6                                                       For Kimberly A.Sanchez
                                                        Assistant United States Attorney

7

8    Dated:  February 2, 2022                          /s/ MICHAEL J. AED
                                                        MICHAEL J. AED
9                                                       Counsel for Defendant
                                                        ESEQUIEL FABELA
10

11

12

13                                          **ORDER**

14          IT IS SO ORDERED that the status conference is continued from February 9, 2022, to **April 13,**

15   **2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18

16   U.S.C.§ 3161(h)(7)(A), B(iv).  The Court intends to set a trial date at the next status conference.  If the

17   parties do not resolve the case in advance of the next status conference, they shall be prepared to set a trial

18   date at the status conference hearing.

19

20   IT IS SO ORDERED.

21

22       Dated:   **February 2, 2022**              /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT